UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JACOBS,
RIVKA JACOBS,
GABRIELLA JACOBS,
JORDANA JACOBS, and
E.J. through her next friend, Brian Jacobs,

     Plaintiffs,

v.

DELTA AIR LINES, INC. and
UNKNOWN JANE DOE
FLIGHT ATTENDANT

     Defendants.

Case No. 23-10088 _____

Hon. _____

| RADNER LAW GROUP PLLC | TAFT STETTINIUS & HOLLISTER LLP |
|---|---|
| Solomon M. Radner (P73653) | Scott R. Torpey (P36179) |
| *Attorney for Plaintiffs* | Timothy J. O'Connell (P79737) |
| 17515 W. Nine Mile Rd., Ste. 1050 | *Attorneys for Defendant Delta Air Lines, Inc.* |
| Southfield, Michigan 48075 | 27777 Franklin Road, Suite 2500 |
| (877) 723-6375 | Southfield, Michigan 48034 |
| (866) 571-1020 (Fax) | (248) 351-3000 |
| solomon@radnerlawgroup.com | (248) 351-3082 (Fax) |
| | storpey@taftlaw.com |
| | toconnell@taftlaw.com |

## **DEFENDANT DELTA AIR LINES, INC.'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Delta Air Lines, Inc. ("Delta"), by

and through its attorneys, Taft Stettinius & Hollister LLP, hereby removes the state

court action entitled *Brian Jacobs, et al. v. Delta Air Lines, Inc., et al.*, Case No. 22-

015202-CZ, from the Circuit Court for the County of Wayne, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

## I.   INTRODUCTION

### A.   Alleged Facts

This action arises from alleged religious discrimination by Delta against Plaintiffs while they were boarding a flight. Plaintiff Brian Jacobs (the "Plaintiff") alleges that, on April 18, 2022, he and his family were at the Detroit Metropolitan Wayne County Airport ("DTW"). (**Exhibit A**: Complaint, ¶ 3) Plaintiff and his family allegedly were at DTW to board Delta Flight DL1738 to Fort Lauderdale-Hollywood International Airport ("FLL").

Plaintiffs expressly allege that, at the time, the Transportation Security Administration's "mask mandates were still in effect." (*Id*. at ¶ 2) "As it turns out," after boarding the aircraft, Plaintiff's "mask had fallen below his nose." (*Id*. at ¶ 6) Accordingly, an unnamed Delta flight attendant, Defendant Jane Doe ("Doe"), allegedly instructed Plaintiff to reposition his mask to fully cover both his mouth and his nose. (*Id*.) Thereafter, Doe again allegedly "ordered" Plaintiff to "pull up his mask if he wanted to get to Fort Lauderdale." (*Id*. at ¶ 7) Plaintiffs variously allege that Defendant Doe was rude, aggressive, disrespectful, condescending, obnoxious, unprofessional, discourteous, and nasty. (*Id*., *passim*)

"Meanwhile," Plaintiff "was doing his best to ignore" the flight attendant while allegedly negotiating with other passengers to "switch seats so that the Jacobs family could all sit together." (*Id*. at ¶ 8) After Plaintiff and his family allegedly were all seated and fully masked, Plaintiff asked Doe her name, which allegedly prompted Doe to say, "[you] must not want to go to Florida." (*Id*. at ¶ 9) Doe allegedly walked toward the back of the plane and made a phone call. (*Id*.) Plaintiff got out of his seat, and while Doe was on the phone in the back of the plane, allegedly "approached" Doe to explain why he asked for her name. (*Id*. at ¶ 10) To which, Doe allegedly responded, "[y]ou should back up and go sit down and get out of my face." (*Id*. at ¶ 11)

Thereafter, another Delta representative allegedly arrived, spoke to Plaintiff about not wearing his mask, and asked if Plaintiff would wear his mask if he was permitted to stay on the plane. (*Id*. at ¶ 12) Yet another Delta representative then asked Plaintiff to deplane, where Doe allegedly was asked, "if she would be ok with Mr. Jacobs on the flight if he promised to keep his mask properly and completely on." (*Id*. at ¶ 13-14) "Rather than insisting to stay on the flight," however, Plaintiff allegedly agreed to move his family onto the next Delta flight from DTW to FLL. (*Id*. at ¶ 17)

The other passengers allegedly assumed "the extra delay was all the Jacobs family fault." (*Id*. at ¶ 16) Plaintiffs allegedly gathered their belongings to walk off

the plane, and as they walked off, "the other passengers were clapping and cheering." (*Id.*)

Plaintiffs allege that they are "noticeably Jewish" (*id.* at ¶¶ 6, 20, 29, 31), which allegedly is "not a fact that can be ignored" (*id.* at ¶ 31), and Plaintiffs "were not hiding their Jewish identities" (*id.* at ¶ 34). Plaintiffs allege that "their Jewish faith formed a basis for the harm of which they were victims," of the foregoing alleged conduct by Delta.

### B.    Alleged Claims

On December 22, 2022, Plaintiffs filed their Complaint in Circuit Court of Wayne County, Michigan. (**Ex. A**) Therein, Plaintiffs allege four (4) Counts against Delta, all of which arise out of the same operative facts set forth above (*Id.* at ¶¶ 21-41):

Under Count 1 – "Breach of Contract" – Plaintiffs allege that they were parties to Delta's Contract of Carriage, which allegedly does not "allow[] Delta to willy-nilly kick a family off of a plane for simply asking the name of a rude and unprofessional flight attendant." (*Id.* at ¶¶ 22-25)

Under Count 2 – "Violation of Title II of the Civil Rights Act, 42 U.S.C. 2000a" – Plaintiffs allege that Title II of the federal Civil Rights Act prohibits Delta from discriminating against Plaintiffs on account of their religion, and "Plaintiffs

being noticeably Jewish…form[ed] a basis for which Defendants removed the Jacobs Family from the plane." (*Id*. at ¶¶ 27-32)

Under Count 3 – "Violation of 49 U.S.C. 40127, Discrimination in Air Transportation" – Plaintiffs allege, "49 U.S.C. 40127(a) states that 'an air carrier... may not subject a person in air transportation to discrimination on the basis of race, color, national origin, religion, sex, or ancestry,'" and, "[d]espite this clear statutory language, Defendants discriminated against Plaintiffs on the basis of Plaintiffs' religious affiliation." (*Id*. at ¶¶ 27-32)

Finally, under Count 4 – "MI Consumer Protection Act (MCPA) MCL 445.901" – Plaintiffs allege that Delta used "coercion and duress…by publicly announcing in the earshot of the other customers, that the delays were due to the Jacobs family, and also by making it clear to the Jacobs Family that the plane would not depart if they were on the plane." (*Id*. at ¶¶ 39-41)

Two of the foregoing claims expressly arise under federal law: namely, 42 U.S.C. 2000a and 49 U.S.C. 40127(a). (*Id*. at ¶¶ 26-37) The two remaining claims for breach of contract and violation of the MCPA arise under state law; however, Plaintiffs' two state law claims derive from the same nucleus of operative facts as their claims arising under federal law.

This Court has original subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1367. With "federal question" jurisdiction properly vested in

this Court based on Plaintiffs' federal law claims, and supplemental jurisdiction over Plaintiffs' state law claims, Delta properly removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.

## II. FEDERAL QUESTION JURISDICTION, SUPPLEMENTAL JURISDICTION, AND REMOVAL

### A. Plaintiffs' Action Presents Federal Questions Arising Under the Laws of the United States, Which Invoke This Court's Original Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1331.

Section 1441(a) authorizes the removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction under Section § 1331 is referred to as "federal question" jurisdiction. *Packard v. Farmers Ins. Co. of Columbus Inc.*, 423 F. App'x 580, 581 (6th Cir. 2011). In "the vast bulk" of cases, federal question jurisdiction arises where the complaint pleads a federal cause of action. *Gunn v. Minton*, 568 U.S. 251, 257 (2013); *see also Franchise Tax Bd. of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 9 (1983) (stating that a suit arises under federal law when a plaintiff seeks to vindicate his or her rights under federal law).

Here, Plaintiffs' claims arise under the laws of the United States. Plaintiffs' Complaint expressly pleads federal causes of action and allegedly seeks to vindicate

Plaintiffs' rights under federal law: namely, 42 U.S.C. 2000a and 49 U.S.C. 40127(a). (*Id*. at ¶¶ 26-37). Alleged violations of 42 U.S.C. 2000a and 49 U.S.C. 40127(a) present federal questions and confer subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. *See e.g., Est. of Leavell v. Wal-Mart Stores E., Ltd. P'ship*, No. 5:18-CV-00073-GNS, 2020 WL 59829, at *2 (W.D. Ky. Jan. 6, 2020) ("The Court has subject matter jurisdiction over this action via federal question pursuant to 28 U.S.C. § 1331. The Amended Complaint appears to allege violations of Title II of the Civil Rights Act, 42 U.S.C. § 2000a(a), which presents a federal question."); *Moses v. Am. Apparel Retail, Inc*., No. 13-2753, 2014 WL 1093784, at *3 (W.D. Tenn. Mar. 19, 2014) ("The Court has federal question jurisdiction under 28 U.S.C. § 1331 over [plaintiff's]…Title II claims.); *Mizyed v. Delta Air Lines, Inc*., No. CIV.A. 12-382, 2012 WL 1672810, at *1 (E.D. La. May 14, 2012) ("[Plaintiff] makes claims for discrimination…under 42 U.S.C. § 1981, 42 U.S.C. § 2000d-2000d-7 [and] 49 U.S.C. § 40127…Delta removed on the basis of federal question jurisdiction.").

Thus, this Court can properly exercise federal question jurisdiction over Plaintiffs' action pursuant to 28 U.S.C. § 1331, and Delta's removal to this Court is proper under 28 U.S.C. § 1446.

**B.      This Court Has Supplemental Jurisdiction Over Plaintiffs' State Law Claims Pursuant to 28 U.S.C. § 1367.**

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 892 (6th Cir.1998). Claims form part of the same case or controversy and are related when they "derive from a common nucleus of operative facts." *Harper v. AutoAlliance Int'l, Inc*., 392 F.3d 195, 209 (6th Cir. 2004) (citing *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 454–55 (6th Cir.1996)).

Here, the Court has original jurisdiction over Plaintiffs' action pursuant to 28 U.S.C. § 1331. Thus, the default assumption is that the Court will exercise supplemental jurisdiction over Plaintiffs' related state law claims. As set forth *supra* at I., Plaintiffs' state law claims and federal law claims all derive from a common nucleus of operative facts, all of which allegedly occurred on April 18, 2022, while Plaintiffs were boarding Delta Flight DL1738 from DTW to FLL. Plaintiffs' state law claims are so related to Plaintiffs' federal law claims that they form part of the same case or controversy under Article III of the United States Constitution. *See e.g.,*

*Moses*, No. 13-2753, 2014 WL 1093784, at \*3 (The Court has federal question jurisdiction under 28 U.S.C. § 1331 over [plaintiff's]…Title II claims. The Court has supplemental jurisdiction over [plaintiff's]…state tort law [claims] under 28 U.S.C. § 1367 because those claims derive from a 'common nucleus of operative fact.'") (citing 28 U.S.C. § 1367; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)); *see also Mizyed*, No. CIV.A. 12-382, 2012 WL 1672810, at \*1 (removal of claims for discrimination under 42 U.S.C. § 2000 and 49 U.S.C. § 40127, and supplemental jurisdiction over the accompanying state law claims under 28 U.S.C. § 1367.).

Thus, this Court can properly exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III. DELTA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Timeliness of Removal

Plaintiffs filed their Complaint on December 22, 2022. (**Ex. A**) Also on December 22, 2022, Plaintiffs' counsel sent a copy of the Complaint via email to certain individuals at Delta, as well as Delta's undersigned counsel. This Notice of Removal is therefore timely filed within thirty (30) days from the date of Delta's receipt of Plaintiffs' Complaint and within one (1) year from the date this action was filed. *See* 28 U.S.C. § 1446(b).

### B. Venue is Proper

Venue of this removed action is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Eastern District of Michigan is the district court embracing the Michigan county (Wayne) in which the removed action was pending. *See* E.D. Mich. L.R. 83.10(a).

### C.    Notice

Pursuant to 28 U.S.C. § 1446(d), Delta will promptly file written notice of this removal and a copy of the Notice of Removal with the clerk of the state court in which this action is currently pending, and will serve a copy of this notice on Plaintiffs' counsel. Delta will also file a copy of all additional papers in the state court record, if any, with this Court. By filing this Notice of Removal, Delta does not waive, and hereby reserves, its rights to assert any and all objections and defenses to the Plaintiffs' Complaint.

### D.    Consent

The removal statute provides that, "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The Sixth Circuit has interpreted § 1446(b)(2) to mean exactly what it says: "By its terms…§ 1446(b)(2) only requires the consent of *properly* joined defendants." *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) (original emphasis).

The consent of "Jane Doe" defendants is not required in order for removal to be proper. Such defendants are sued under fictitious names and have not been properly joined and served. *See e.g., Mills v. Aramark Corp.*, No. 1:15-CV-610, 2015 WL 7820872, at *1 (S.D. Ohio Nov. 10, 2015), report and recommendation adopted, No. 1:15-CV-610, 2015 WL 7871351 (S.D. Ohio Dec. 3, 2015) ("Because it thus appears that the non-joining individual [John Doe] defendant has yet to be served with the complaint, the 'rule of unanimity' does not apply."); *Hicks v. Emery Worldwide, Inc*., 254 F. Supp. 2d 968 (S.D. Ohio 2003) ("consent was not required of supplier that was currently a nonexistent entity that had not been properly served"); *Green v. Am. Online (AOL)*, 318 F.3d 465, 470 (3d Cir. 2003) ("the general rule [in section 1446(b)(2)(A)] that all defendants must join in a notice of removal may be disregarded where…the non-joining defendants are unknown.") (citation omitted); *Fristoe v. Reynolds Metals Co*., 615 F.2d 1209, 1213 (9th Cir. 1980) ("[T]he unknown defendants sued as 'Does' need not be joined in a removal petition."); *Bonilla-Paul v. Walmart, Inc*., No. CV 19-4079, 2019 WL 13071987, at *1 (E.D. Pa. Nov. 22, 2019) ("It is the Plaintiff's responsibility to identity and serve anonymous defendants"…and it is nonsensical to require a removing defendant to obtain consent from a John Doe defendant that the plaintiff has not affirmatively identified in the operative pleading.")(citations omitted).

Here, the consent of Defendant Doe, the "unknown flight attendant," is not required, so the only properly joined and served Defendant – Delta – has properly removed this action pursuant to 28 U.S.C. § 1441.

## IV.   CONCLUSION

The Court has original subject matter jurisdiction over this action based on federal question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367. Therefore, Delta respectfully removes this action from the Circuit Court for the County of Wayne, Michigan, to this Court under 28 U.S.C. §§ 1441 and 1446.

Dated: January 12, 2023                  Respectfully submitted,

TAFT STETTINIUS & HOLLISTER LLP

By: /s/Scott R. Torpey
Scott R. Torpey (P36179)
Timothy J. O'Connell (P79737)
*Attorneys for Defendant Delta Air Lines, Inc.*
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (Fax)
storpey@taftlaw.com
toconnell@taftlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 12, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

/s/ Katherine M. Abrignani
Katherine M. Abrignani